United States District Court
Southern District of Texas
**ENTERED**
April 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIE ETTINOFFE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-02646 |
| | § | |
| OFFICER M SHEIKH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM & ORDER**

Plaintiffs Marie and Samuel Ettinoffe brought this suit on behalf of Curvin Ettinoffe, alleging that the City of Houston is liable for (1) employing a policy that permits officers to use excessive force and (2) failing to adequately train its officers. The relevant facts are discussed in this Court's prior Order. ECF No. 34. In short, the Ettinoffes allege that officers from the Houston Police Department used excessive force to restrain Curvin, resulting in Curvin's permanent incapacitation.

In an Order entered on October 4, 2022, the Court denied the City's Motion to Dismiss. ECF No. 34. The Court found that the Ettinoffes adequately pleaded a claim of municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See* ECF No. 24 at 5-11. The Court further explained that the Ettinoffes adequately pleaded a failure-to-train claim. ECF No. 34 at 11-13. Accordingly, the City's Motion to Dismiss was previously denied.

Now, the City has filed a Rule 12(c) Motion for Judgment on the Pleadings. But the standard for evaluating a motion under Rule 12(c) is "the same standard as a motion to dismiss under rule 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010). Thus, to the extent that the present Motion rehashes the same arguments raised in the City's

1

previous Motion to Dismiss, ECF No. 29, those issues have already been decided under the same standard that applies here, and the City may not take a second bite at the apple.

The City points to only two new pieces of information that have arisen since October 5, 2022, when the Court denied the City's Motion to Dismiss. First, video from the incident is now before the Court. Second, the City contends that the Fifth Circuit's recent decision in *Vardeman v. City of Houston*, 55 F.4th 1045, 1052-53 (5th Cir. 2022), should cause the Court to reconsider whether the Ettinoffes have alleged sufficient other incidents to plead a *Monell* violation.

First, the video footage does not provide grounds for granting the City's Motion for Judgment on the Pleadings. The City contends that the video shows that "Officer Sheikh held Curvin's neck for no more than 6 seconds" and that "[t]he duration of any restraint to Curvin's neck and torso were brief, and at the most, only lasted until officers applied handcuffs." ECF No. 42 ¶¶ 20, 22. But the videos are not clear on this point. It is difficult to see where and for how long the officers are applying force. Similarly, the City argues that "the [body-worn camera] directly contradicts th[e] allegation [that the officers left Curvin Ettinoffe in a prone position]; after he was searched, Curvin was laid on his side." *Id.* ¶ 25. But here, too, the video is unclear. Indeed, the video from Officer Omojola's body-worn camera, if anything, seems to lend support to the Complaint's allegations that Curvin Ettinoffe remained in a prone position for an extended period of time. Because the three videos of the incident, viewed in the light most favorable to the Ettinoffes, do not "blatantly contradict" the Complaint's allegations, the Court must accept the Complaint's allegation as true. *Harmon v. City of Arlington*, 16 F.4th 1159, 1162-63 (5th Cir. 2021). The video footage does not undercut the analysis of this Court's prior Order.

Second, *Vardeman*, 55 F.4th 1045 does not impact the analysis in this case. The City is correct that the plaintiff in *Vardeman* alleged a similar list of other incidents. The City is also

correct that, in *Vardeman*, the Fifth Circuit affirmed the district court's dismissal of the plaintiff's *Monell* claim. 55 F.4th at 1052-53. But the City ignores the key difference between the allegations in *Vardeman* and the allegations here. In both cases, the plaintiffs pointed "a list of alleged bad acts by City of Houston employees, jailers, and police officers." *Id.* at 1052; *see generally* ECF No. 28. But in *Vardeman*, the plaintiff alleged that he was assaulted by an *airport employee*, not a Houston police officer. 55 F.4th at 1048-49. Thus, prior misconduct by Houston police officers was not "meaningfully related to [an airport employee's] actions at the airport." *Id.* at 1052; *see Vardeman v. City of Houston*, No. H-20-3242, 2021 WL 1701009, at *3 (S.D. Tex. Apr. 29, 2021) ("Vardeman does not assert that the Houston police officers assaulted him. To the contrary, he alleges that he called them to the scene to protect him after [the airport employee's] 'assault' and that they took his side against [the airport employee].").

Thus, *Vardeman* stands only for the proposition that a plaintiff may not rely on patterns of misconduct by police officers to support a pattern-or-practice claim of misconduct by employees of an entirely different entity. *Vardeman* does not cause the Court to reconsider its prior findings regarding the Ettinoffes' policy-or-practice allegations.

In sum, the Ettinoffes have adequately pleaded both a constitutional violation and all the requisite elements needed to establish *Monell* liability. Neither the video footage nor *Vardeman* (nor any other case cited by the City) entitles the City to Judgment on the Pleadings. The City's Motion for Judgment on the Pleadings is therefore **DENIED**.

**IT IS SO ORDERED**.

Signed at Houston, Texas on April 26, 2023.

_____
Keith P. Ellison
United States District Judge